UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:20-cv-09103-ODW (SK) | Date | November 2, 2020 |
|---|---|---|---|
| Title | Deandre Danny Jonte Barnes v. City of Los Angeles County and Sheriff Department et al. | | |

| Present: The Honorable | Steve Kim, U.S. Magistrate Judge |
|---|---|
| Erica Valencia | n/a |
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| None present | None present |

**Proceedings:**     (IN CHAMBERS) **ORDER TO SHOW CAUSE**

Plaintiff is a California state prisoner seeking to proceed in forma pauperis with a complaint under 42 U.S.C. § 1983 against the City of Los Angeles, the Los Angeles County Sheriff's Department, and three prison officers who work at Peter J. Pitchess Detention Center. (ECF 1 at 2-4). He alleges that they violated his Eighth and Fourteenth Amendment rights because they were negligent in handling COVID-19 within prison facilities and failed to file and review his grievances. (*Id*. at 3-7). He further claims that the officers were racist and that they retaliated against him after he complained about his living conditions and health. (*Id*. at 3-7). Plaintiff's in forma pauperis application, however, is deficient for the reasons below.

First, Plaintiff does not appear to have previously exhausted his claims at the prison. (*Id*. at 9-16). Federal law requires that inmates exhaust available administrative prison remedies before they can sue under § 1983. *See* 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 532 (2002). When Plaintiff filed his first grievance in May 2020 (ECF 1 at 13), he had to complete three levels of administrative review. *See* 15 Cal. Code Reg. §§ 3084.1(b), 3084.7 (2011). But while he appears to have filed at least seven other grievances related to the same core events, none of the documents attached to Plaintiff's complaint shows complete exhaustion through the appellate levels of administrative review. (ECF 1 at 9-16). Without that mandatory exhaustion, the Court lacks jurisdiction over this suit.

Second, even if he had administratively exhausted his claims, the complaint against the City and County fails to state a colorable claim under § 1983. To sue the City or County, Plaintiff must allege facts—not mere conclusory assertions—plausibly showing that a municipal policy, practice, or custom violated his constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *Cmty. House, Inc. v. City of Boise*, 623 F.3d 945, 966 (9th Cir. 2010); *Blankenhorn v. City of Orange*, 485 F.3d 463, 484 (9th Cir. 2007) (holding that a city may be found liable as a municipality under *Monell*). But perfunctory, conclusory allegations—like what Plaintiff alleges here (ECF 1 at 3, 5, 7)—do not meet that standard, and cannot,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:20-cv-09103-ODW (SK) | Date | November 2, 2020 |
|---|---|---|---|
| Title | Deandre Danny Jonte Barnes v. City of Los Angeles County and Sheriff Department et al. | | |

without more, support an actionable claim against the City or County.  *See Gant v. County of Los Angeles*, 772 F.3d 608, 618 (9th Cir. 2014).

Third and last, the named prison officers may not be sued in their official capacities on the facts alleged.  An official-capacity suit against employees of a municipality "is equivalent to a suit against the governmental entity itself."  *Gomez v. Vernon*, 255 F.3d 1118, 1126 (9th Cir. 2001).  But because Plaintiff has alleged no non-conclusory facts plausibly supporting *Monell* claims against the City or County, he necessarily has alleged no facts permitting the individually named prison officials to be sued in their official capacities.  *See Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

For these reasons, Plaintiff is **ORDERED TO SHOW CAUSE** on or before **December 2, 2020** why his in forma pauperis application should not be denied and his complaint dismissed.  Plaintiff may file either an amended complaint that cures the deficiencies described in this order or a response to this order explaining why it is wrong.  If Plaintiff cannot cure the deficiencies outlined in this order, however, or if Plaintiff no longer wishes to pursue this action, he may voluntarily dismiss the action using the attached form CV-09.  Prisoner complaints that are voluntarily dismissed do not count as strikes under 28 U.S.C. § 1915(g), which limits the number of federal civil rights lawsuits prisoners may file in their lifetime without prepayment of filing fees.

**If Plaintiff files no notice of voluntary dismissal, amended complaint, or timely response to this order, the Court may recommend involuntary dismissal of this action for failure to prosecute.**  *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

**IT IS SO ORDERED.**