UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:20-cv-9103-ODW (SK) | Date | June 10, 2021 |
|---|---|---|---|
| Title | Barnes v. City of Los Angeles County and Sheriff Department, et al. | | |

| Present: The Honorable | Steve Kim, U.S. Magistrate Judge |
|---|---|
| Connie Chung | n/a |
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| None present | None present |

**Proceedings:**   (IN CHAMBERS) **ORDER TO SHOW CAUSE**

On November 2, 2020, the Court ordered Plaintiff—who was then in state prison—to show cause why his complaint should not be dismissed for various pleading deficiencies in the complaint. (ECF 4). After receiving an extension of time to respond to that order, Plaintiff constructively filed his response on January 24, 2021, addressing mainly the issue of administrative non-exhaustion but either ignoring or glossing over the other deficiencies described in the order to show cause. (ECF 7). Shortly afterwards, sometime in February 2021, Plaintiff was apparently released, which caused later court mail to Plaintiff to be returned as undeliverable. (ECF 10, 11). So under Local Rule 41-6, Plaintiff had to notify the Court in writing within 14 days of any change in his address of record. But Plaintiff provided that written notice of address change—half a month late—on or about June 3, 2021. (ECF 12). For this reason alone, Plaintiff's complaint may now be dismissed for lack of prosecution. *See* Fed. R. Civ. P. 41(b); L.R. 41-1, 41-6.

In addition, if Plaintiff is no longer incarcerated in state prison, his initial application to proceed in forma pauperis—filed in October 2020 while he was still in prison (ECF 2)—is no longer operative because different rules apply to IFP applications from pro se litigants who are <u>not</u> in custody. For instance, he is no longer responsible for the full amount of filing fee provided that he is sufficiently indigent. *See* 28 U.S.C. § 1915(b)(1); *Kellogg v. California*, 2011 WL 768691, at *5-6 (N.D. Cal. Feb. 28, 2011). Even so, Plaintiff's complaint remains subject to screening for cognizable claims—even if he is granted IFP status as a non-prisoner, pro se litigant. *See* 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001). Thus, "section 1915(e) not only permits but requires, a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). As a result, the same deficiencies—other than administrative non-exhaustion, which Plaintiff has adequately addressed for pleading purposes—described before in the Court's initial order to show cause remain valid reasons to dismiss Plaintiff's complaint, in whole or in part, for failure to state a claim on which relief may be granted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:20-cv-9103-ODW (SK) | Date | June 10, 2021 |
|---|---|---|---|
| Title | Barnes v. City of Los Angeles County and Sheriff Department, et al. | | |

For all these reasons, Plaintiff is ORDERED TO SHOW CAUSE why this action should not be dismissed for lack of prosecution and failure to obey court orders. *See* Fed. R. Civ. P. 41(b); L.R. 41-1. **To satisfy and discharge this order, Plaintiff must do one of these two things within 21 days of this order**:

(1) If he no longer wishes to proceed with this action (or wishes to refile at a later time, subject to any applicable statute of limitations), he may voluntarily dismiss this action without prejudice by completing and filing the attached form CV-09.

-or-

(2) If he wishes to proceed with this action (and he is no longer in state prison), he must either pay the full amount of the filing fee or submit a new application to proceed in forma pauperis using the attached form CV-60.

Meanwhile, if Plaintiff fails to take one of these two actions on time within 21 days of this order, or if this order is returned undeliverable and no timely notice of address change is filed within 14 days, this action will be dismissed involuntarily for lack of prosecution and failure to obey court orders. *See* Fed. R. Civ. P. 41(b); L.R. 41-1, 41-6.

**IT IS SO ORDERED.**