# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

DEANDRE DANNY JONTE
BARNES,

               Plaintiff,

      v.

CITY OF LOS ANGELES
COUNTY AND SHERIFF
DEPARTMENT, et al.,

               Defendants.

CASE NO. 2:20-cv-9103-ODW (SK)

**ORDER DISMISSING ACTION
FOR LACK OF PROSECUTION**

Plaintiff is a pro se litigant who sought to proceed in forma pauperis with a prisoner civil rights complaint under 42 U.S.C. § 1983 while he was imprisoned at the Peter J. Pitchess Detention Center in the fall of 2020. (ECF 1).  In that complaint, he alleged that the City of Los Angeles, the Los Angeles County Sheriff's Department, and three local prison officers had violated his Eighth and Fourteenth Amendment rights based on their negligent handling of COVID-19 within the PJP Detention Center.  (*Id*. at 2-7).  But the Court's screening of the complaint under 28 U.S.C. § 1915A revealed many pleading deficiencies, some of which Plaintiff could have addressed by filing (among other possible responses) an amended complaint.  (ECF 4).  Yet Plaintiff filed no amended complaint, much less an adequate response fully addressing all the identified pleading deficiencies. (ECF 7).

At the same time, Plaintiff failed to timely notify the Court of his release from prison in February 2021 and the resulting change in his address of record. (ECF 10, 11, 12). So written orders mistakenly sent later to the PJP Detention Center after Plaintiff's release were returned to the Court as undeliverable. (ECF 10, 11). The Court thus ordered Plaintiff to show cause why his complaint should not be dismissed for failure to timely report his address change. (ECF 13). *See* L.R. 41-6. It also reminded him that there were still pleading deficiencies in his complaint that could lead to dismissal of deficient claims. (ECF 13). And last, the Court instructed Plaintiff to file a new request to proceed in forma pauperis as a non-prisoner litigant since his circumstances had changed and the rules for prepayment of filing fees are less onerous for non-prisoners. (*Id.*). *See* 28 U.S.C. § 1915(b)(1); *Kellogg v. California*, 2011 WL 768691, at *5-6 (N.D. Cal. Feb. 28, 2011).

As an initial step, Plaintiff could have discharged this show-cause order by either submitting a new IFP application or paying the full amount of the filing fees by July 1, 2021. (ECF 13). But that deadline has now passed with no action by Plaintiff. Nor has the Court received any other notice of undeliverable mail suggesting that Plaintiff's address has changed again (without timely notification) or that he did not receive the Court's show-cause order. As a result, the Court has no choice left but to dismiss this action for lack of prosecution. *See* Fed. R. Civ. P. 41(b); L.R. 41-1, 41-6. In so doing, the Court has considered: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam). All these factors support dismissal here.

First, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  Second, unprosecuted actions consume time that the Court could otherwise devote to its heavy docket of cases.  *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).  Third, a rebuttable presumption of prejudice to Defendants arises when Plaintiff delays prosecution of his action.  *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994).  Fourth, while public policy favors disposition on the merits, it remains Plaintiff's responsibility to move the case toward such a disposition.  *See Allen v. Bayer Corp. (In re Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1228 (9th Cir. 2006).  Fifth and last, no sanctions short of dismissal are feasible.  The Court already warned Plaintiff—twice—of the potential adverse consequences, including involuntary dismissal, for failure to prosecute or obey court orders.  (ECF 4, 13).  *See Ferdik v. Bonzelet,* 963 F.2d 1258, 1262 (9th Cir. 1992).  And, of course, given Plaintiff's pro se status, monetary sanctions are impractical.  *See Lynch v. Barber*, 2016 WL 4719888, at *2 (C.D. Cal. Sept. 7, 2016).

THEREFORE, for all these reasons, this action is ordered DISMISSED without prejudice for lack of prosecution.  Judgment will be entered accordingly.

**IT IS SO ORDERED.**

DATED: July 28, 2021

OTIS D. WRIGHT, II
U.S. DISTRICT JUDGE